IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| GERALD W. BLEDSOE, | ) ) | CASE NO. 05-47234-H3-13 |
| Debtor, | ) ) | |

MEMORANDUM OPINION

The court has held a hearing on the Chapter 13 Fee Application (Docket No. 21) filed by Eric C. Hixon in the above captioned case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the application in part. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Gerald W. Bledsoe ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 5, 2005. Attached to the petition, Eric C. Hixon, Debtor's attorney, filed a "Disclosure of Compensation of Attorney for Debtor," signed by Hixon and Debtor.

The "Disclosure of Compensation of Attorney for Debtor" provides in pertinent part: "For legal services, I have agreed to accept: Fixed Fee $2,500."

On October 18, 2005, Hixon filed a document titled "Bankruptcy Rule 2016(b) Disclosure and Application for Approval of Fixed Fee Agreement" (Docket No. 5).  In the "Bankruptcy Rule 2016(b) Disclosure and Application for Approval of Fixed Fee Agreement," Hixon sought approval of a $2,500 fixed fee.  An order was entered on October 20, 2005, denying the "Bankruptcy Rule 2016(b) Disclosure and Application for Approval of Fixed Fee Agreement." (Docket No. 6).

In the instant "Chapter 13 Fee Application," Hixon seeks allowance of $3,656.36 in fees, and $30.55 in expenses.  Hixon attached time records to the instant application, reflecting that Hixon conducted an initial consultation with Debtor, prepared schedules and a Chapter 13 plan, prepared the fixed fee agreement, appeared at the meeting of creditors, amended schedules D, E, I, and J, amended the plan, reviewed and responded to a motion for relief from stay, reached an agreement with the creditor on the motion for relief from stay, and signed a proposed agreed order, explained that agreed order at length to Debtor, and amended the plan a second time.

Hixon testified that his hourly rate is $250 per hour, and that the services billed with respect to this case were all billed at his regular hourly rate.  He does not use paraprofessionals.  He testified that his agreement with Debtor calls not for a fixed fee, but rather for $2,500 as a minimum

fee.  The time records attached to the application reflect 15.8 hours of attorney time, billed at $250 per hour, and $75 in "Paralegal/Legal Assistant" fees, although the time records do not reflect any services by paralegals or legal assistants.

Conclusions of Law

Section 329(a) of the Bankruptcy Code requires debtors' counsel to disclose a statement of compensation paid or agreed to be paid in connection with the representation of debtors in a Chapter 13 bankruptcy case.  Section 329(b) provides that the Court may cancel any compensation agreement and may order the return of any funds paid or payable by chapter 13 debtors to the extent that such compensation exceeds the reasonable value of counsel's services.

Section 330(a)(4) explicitly provides for reasonable compensation to a debtors' attorney "for representing interests of the debtor in connection with the bankruptcy case." The factors to be considered are the benefit and necessity of the services and the "nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time

commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." 11 U.S.C. § 330(a)(3).

In General Order 2004-5, signed April 14, 2004, the court, en banc, adopted procedures for the allowance of fixed fees.  The court concluded that, in a typical case, approximately 5.7 hours of attorney time and 5.3 hours of paralegal time would be necessary.  The court concluded that $235.00 is a reasonable and customary hourly rate for chapter 13 practitioners in this area and $75.00 is a reasonable and customary hourly rate for chapter 13 paralegals in this area.  The court additionally concluded that an upward adjustment in the lodestar was warranted when fixed fee arrangements were utilized.  The court ruled that:

> Counsel undertaking a fixed fee arrangement with counsel's payments being made on a "first out" basis under the plan may charge a fixed fee up to a maximum of $2,050.00, including expenses but not including the $185.00 filing fee.  Counsel undertaking a fixed fee arrangement with payments being made on a shared basis—with counsel only receiving one-half of the initial plan distributions until counsel is paid in full—may charge a fixed fee up to a maximum of $2,460.00, including expenses, but not including the $185.00 filing fee.

General Order 2004-5.

Hixon filed a fixed fee agreement, using the court's form, but included a fee in excess of that permissible under General Order 2004-5.  Therefore, approval of the fixed fee agreement was denied, and the court's review of the fee application requires analysis under Sections 329 and 330 of the Bankruptcy Code.

In the instant case, Hixon is requesting a fee significantly in excess of the fee in a typical case.  It appears that the reasons the fee is so high are first, that Hixon is billing at an hourly rate in excess of that which the court has found to be reasonable, and second, that Hixon bills at his hourly rate as an attorney for services which could have been performed by a paralegal, and billed at a lower rate.  The court finds that a reasonable fee in the instant case is derived by reducing the hourly rate on 5.3 hours of the time billed from Hixon's regular hourly rate to $75 per hour.  Applying the reduction to the amount sought, the court concludes that a reasonable fee for the services rendered by Hixon in the instant case is $2,728.86.

Based on the foregoing, a separate Judgment will be entered allowing $2,728.86 in fees, and $30.55 in expenses, to applicant.

Signed at Houston, Texas on May 18, 2006.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE